UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| | ) | |
| v. | ) | (Judge            ) |
| | ) | |
| $100,000.00 in United States Currency, | ) | |
| | ) | |
| Defendant | ) | (Electronically filed) |

VERIFIED COMPLAINT OF FORFEITURE

The United States of America, by and through its attorneys, Peter J. Smith, United States Attorney for the Middle District of Pennsylvania, and James T. Clancy, Assistant U.S. Attorney, files this Verified Complaint of Forfeiture in rem, respectfully alleging on information and belief the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

1. This is an action to forfeit and condemn to the use and benefit of the United States of America $100,000.00 in United States currency (hereinafter "defendant currency"), pursuant to 18 U.S.C. § 981.

2. The defendant currency consists of $100,000.00 in United States currency that was the subject of the Stipulation of Consent to

Forfeiture entered into between the United States of America and Baljeet Singh on March 13, 2013 in the related criminal matter, *United States of America v. Baljeet Singh, et al,* 1:CR-12-086.

3. Plaintiff brings this action <u>in rem</u> in its own right to forfeit and condemn the defendant currency. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4. This Court has <u>in rem</u> jurisdiction over the defendant currency pursuant to 28 U.S.C. § 1355(b). Upon filing of this complaint, the plaintiff requests that the Court issue an arrest warrant <u>in rem</u> pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district.

6. The offenses giving rise to the forfeiture occurred within the district and within the jurisdiction of the Court. The United States

will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1), serve notice of this action on the defendant currency owner(s), and any other person or entity who may claim an interest in the defendant currency, along with a copy of the Complaint.

7. The United States alleges that the defendant currency is subject to forfeiture to the United States because it constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of violations of 21 U.S.C. §§ 841, 843, and 846.

8. All of the facts alleged in this Verified Complaint are based upon information and belief, the source of which is Keith T. Kierzkowski, Special Agent, Drug Enforcement Administration ("DEA"), resulting from an investigation into the manufacture and distribution of controlled substances by the internet based business, DZE, and the further distribution of those substances by entities located throughout the United States, to include the Middle District of Pennsylvania.

9. Beginning in or about December of 2011, DEA Harrisburg and the Food and Drug Administration began an investigation into the

Amarjit Singh Grewal ("Grewal") drug trafficking organization. This investigation targeted the illegal importation and distribution of designer cathinones, commonly marketed and referred to as "bath salts," and synthetic cannabinoids, commonly marketed and referred to as "potpourri," as well as violations of federal misbranding laws and money laundering.

10. In or about May of 2011, DEA Houston initiated an investigation targeting the internet-based business DZE, which was identified as the sole manufacturer of Down2Earth products of "bath salts" and "potpourri" products.

11. Upon investigation, it was learned that the Grewal distribution operations located in Pennsylvania obtained the illegal substances from DZE in Houston, Texas.

12. Controlled purchases of DZE products from around the country revealed that the products tested positive for controlled substances.

13. DEA Harrisburg and DEA Houston coordinated their investigative efforts, and on April 17, 2012 federal seizure warrants were issued by the Middle District of Pennsylvania.

14. A Superseding Indictment was filed in the Middle District of Pennsylvania on September 26, 2012, charging Baljeet Singh and others with violations of 21 U.S.C. §§ 841 and 846; 21 U.S.C. §§ 331 and 333 (drug misbranding); and criminal forfeiture.

15. On March 13, 2013 Baljeet Singh pled guilty to Count IV of the Superseding Indictment, which charged him with a violation of 21 U.S.C.§ 331, introducing misbranded or adulterated goods interstate commerce. In both his plea agreement and Stipulation of Consent to Forfeiture, Singh agreed to the voluntary civil forfeiture of $100,000.00, which represented money used in transactions or attempted transactions arising out of defendant's felony offenses.

16. As a result of the foregoing, the defendant currency is liable to condemnation and to forfeiture to the United States for its use, in accordance with 18 U.S.C. § 981.

WHEREFORE, the United States of America prays that the Court issue a warrant for the arrest of the defendant currency, that notice of this action be given to all persons who reasonably appear to be potential claimants of interest in the currency; that the defendant currency be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

        Respectfully submitted,

        PETER J. SMITH
        UNITED STATES ATTORNEY

By:   */s/ James T. Clancy*
      JAMES T. CLANCY
      ASSISTANT U.S. ATTORNEY
      228 WALNUT ST., STE. 220
      HARRISBURG, PA  17108
      PHONE: 717-221-4482
      FAX:  717-221-2246
      james.clancy@usdoj.gov
      PA54339

VERIFICATION

I, James T. Clancy, Assistant United States Attorney, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint of Forfeiture In Rem is based on reports and information furnished by the Drug Enforcement Administration and everything contained therein is true and correct to the best of my knowledge.

    Respectfully submitted,

    PETER J. SMITH
    UNITED STATES ATTORNEY

By:   */s/ James T. Clancy*
    JAMES T. CLANCY
    ASSISTANT U.S. ATTORNEY
    228 WALNUT ST., STE. 220
    HARRISBURG, PA 17108
    PHONE: 717-221-4482
    FAX: 717-221-2246
    james.clancy@usdoj.gov
    PA54339